UNITED STATES of America,
Appellee,

v.

Lawrence CARPENTER, Defendant–Appellant.

No. 07–0578–cr.

United States Court of Appeals,
Second Circuit.

July 30, 2008.

Elizabeth D. Mann, Assistant Federal Public Defender, for Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, VT, for Defendant–Appellant.

James J. Gelber, Assistant United States Attorney (Paul J. Van De Graf, Chief, Criminal Division, Gregory L. Waples, Assistant United States Attorney, on the brief), for Thomas D. Anderson, United States Attorney, District of Vermont, Burlington, VT, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LOUIS F. OBERDORFER,

District Judge.*

## SUMMARY ORDER

Carpenter appeals from the February 8, 2007 judgment of the district court sentencing him, as a career offender under the United States Sentencing Guidelines ("USSG" or "Guidelines"), principally to a 151–month term of imprisonment. We assume the parties' familiarity with the facts and proceedings in the district court.

This Court reviews sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted). However, where a defendant fails to preserve an issue for appellate review by raising it in district court, we review for plain error. *United States v. Rybicki*, 354 F.3d 124, 128–29 (2d Cir.2003). Under plain error review, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*; *see also United States v. Glick*, 142 F.3d 520, 525 (2d Cir.1998) (noting that the plain error standard applies to sentencing claims that were not preserved for appellate review).

■ Carpenter argues that his sentence was procedurally unreasonable because the district court relied on facts not determined beyond a reasonable doubt, in violation of the Fifth Amendment and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Carpenter did not raise this argument in the district court, and, thus, this Court reviews this claim for plain error. The district court committed no error in this case when it relied on a preponderance of the evidence standard in determining facts relevant to Carpenter's sentence. This Court has determined that "after *Booker*, district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process clause of the Fifth Amendment." *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir.2005). Accordingly, Carpenter's Fifth Amendment claim presents no basis to disturb the district court's judgment in this case.

■ Carpenter's challenge to the substantive reasonableness of his sentence also lacks merit. At sentencing, the district court stated that it had considered the factors set forth in 18 U.S.C. § 3553(a). Carpenter argues that the 151–month term of imprisonment imposed in this case is unreasonable because it is longer than the time necessary for Carpenter to receive treatment for his drug and alcohol addictions. However, while Carpenter's need for drug and alcohol treatment was a valid factor in determining his sentence, § 3553(a)(1) also directs the district court to consider "the history and characteristics of the defendant." At sentencing, the district court repeatedly expressed concern regarding Carpenter's "history of antisocial behavior and violence which has been relatively constant … throughout … his past." Carpenter also argues that the district court failed to consider the facts and circumstances of his

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

past convictions in declining to depart from the career offender sentencing range. The record, however, demonstrates both that the district court was aware of its authority to depart from the career offender guideline and that the district court was presented with extensive argument regarding the facts and circumstances of Carpenter's past convictions. Ultimately, it was Carpenter's criminal record that compelled the district court to deny Carpenter's request for a downward departure. Although Carpenter might disagree with the court's reliance on, and characterization of, that record, that disagreement does not render the sentence unreasonable. *See Fernandez,* 443 F.3d at 27 ("Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge."); *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) ("The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

 Finally, Carpenter argues that the district court violated the Sixth Amendment in relying on facts neither admitted by Carpenter nor found by a jury in applying the career offender enhancement to Carpenter's base offense level. Carpenter did not present his Sixth Amendment argument to the district court, and, thus, we also review this claim for plain error. Here, Carpenter acknowledges that, generally, *Booker* and its predecessors recognized that the fact of a defendant's prior conviction falls within an exception to the Sixth Amendment's requirement that facts that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. However, according to Carpenter, "no such exception has been recognized for

the additional facts required to qualify [a defendant] as a 'career offender.' "

Section 4B1.1 of the Guidelines provides for an increase in the offense level of a defendant determined to be a career offender. Under the Guidelines, a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Although this Court has not addressed this issue in the context of § 4B1.1, we have done so in the context of the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"), which, like the Guidelines section at issue here, requires a sentencing court to determine that a defendant's prior convictions satisfy certain conditions before subjecting that defendant to increased penalties. *See United States v. Massey,* 461 F.3d 177, 179 (2d Cir.2006). In *Massey,* this Court determined that the defendant's prior convictions were not an issue for the jury, and affirmed the district court's imposition of a sentence enhanced by the ACCA. *Id.* (citing *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

Further, Carpenter's prior convictions triggered no mandatory sentence enhancement, as they were relevant only to the district court's calculation of Carpenter's sentence under the advisory sentencing Guidelines. The sentence Carpenter received was within the statutory maximum applicable to his offense. *See* 21 U.S.C. § 841(b)(1)(C) (providing a 20–year maximum term of imprisonment). Accordingly,

the district court did not violate the Sixth Amendment when it relied on the facts of Carpenter's prior convictions to consider the career offender guideline in its calculation of Carpenter's sentence. *See United States v. Crosby,* 397 F.3d 103, 112 (2d Cir.2005) (noting that "with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection").[1]

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

---

1. After argument in this case, Judge Oberdorfer noted concern "about including a burglary for the purpose of finding something to eat in the offenses which triggered the sentence imposed on Carpenter." However, "after reflection," Judge Oberdorfer "concluded that the district court was well within its authority" in imposing the sentence in this case.